IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SANFORD J. ASMAN,    )
            )
    Plaintiff,    )  CIVIL ACTION FILE
            )
  v.        )  NO. 1:15-CV-1866-ELR
            )
ERIK DYKEMA, KYLE ZELLER, )
CASERAILS, and DOCRAILS, INC., )
            )
    Defendants.   )

## ANSWER OF DOCRAILS INC.
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES DocRails Inc. ("DocRails"), named as a defendant in the above-captioned matter, and, by and through its undersigned counsel and in accordance with Rule 12 of the Federal Rules of Civil Procedure, responds as follows to the First Amended Complaint (the "Amended Complaint") filed herein on May 28, 2015 by plaintiff Sanford J. Asman ("Plaintiff" or "Asman").

## PRELIMINARY STATEMENT

Plaintiff Asman asserts in this case a claim of broad exclusive rights to the word "case" when used in connection with legal software and related services. "Case," of course, is a term commonly used by both lawyers and the public when

referring to legal disputes.  This action, for example, is the "case" brought by plaintiff Asman against DocRails and the other defendants.   It is a "case" that should never have been brought.

Plaintiff Asman bases his broad claim of rights on his ownership of registrations for the marks "CaseWebs," "CaseSpace" and "Caseworks Web," and claims that his "CaseWebs" and "CaseSpace" marks have been used for providing Internet access to legal files and litigation documents.  Notably absent from plaintiff's 185-paragraph complaint, however, is any example or allegation of current advertising or promotion of any of his "case" marks or any use of any of his alleged services by any current customer.  One of the marks, the "Caseworks Web" mark, appears never to have been used by plaintiff Asman at all; he obtained the registration of that mark from another company he sued in the past.  The Trademark Office records regarding the registrations for "CaseWebs" and "CaseSpace" show that those marks were maintained by Plaintiff by submission of screenshots of log-in pages from Plaintiff's own computer that provide no details regarding the services – if any – being offered at the time (in 2012 and 2014).

Defendant DocRails, a New York-based start-up company founded by two attorneys, has used the trade name and service mark "CaseRails" since 2013 to identify its business and its Internet-based document preparation services for

attorneys.  DocRail's "CaseRails" service is used by attorneys to draft, store, search for and re-use legal content, using document templates that increase drafting efficiency.  No one has expressed to any of the Defendants any confusion with any service offered by Plaintiff or any mark Plaintiff claims to own.

In view of the apparently limited – and possibly nonexistent – use of Plaintiff's claimed marks, the nature of the term "case," the widespread use of "case" by others as an element of marks for software and Internet-related products and services relating to legal proceedings, and the differences between the parties' marks and their respective services, plaintiff Asman has no basis for filing a trademark infringement "case" against Defendants.  The weakness of Plaintiff's "case" is further demonstrated by his inclusion in his First Amended Complaint of claims that his threats to DocRails and the other defendants were "private communications," and that Defendants are liable to him for "defamation," "harassment" and "computer trespass" based on alleged actions of third parties not controlled by Defendants who have publicly expressed their opinions of Plaintiff's "case."  Like his trademark infringement "case," plaintiff's defamation, harassment, conspiracy and related claims have no basis.

Plaintiff's claimed marks are among nearly one hundred marks, owned by dozens of different parties, that include the word "case" and have been registered

or are in use for a software or Internet-related product or service.  Plaintiff does not own, as Plaintiff alleges, exclusive rights to any and all "case formative marks" for Internet-based software applications.  There is no reasonable likelihood of confusion between Plaintiff's claimed marks and Defendants' mark "CaseRails," and Defendants have not infringed Plaintiff's rights by adopting and using the mark "CaseRails."

<u>ANSWER</u>

DocRails responds as follows to Plaintiff's Amended Complaint:

In response to the unnumbered first paragraph of Plaintiff's Amended Complaint, DocRails admits that Plaintiff filed his First Amended Complaint prior to service of his original Complaint, admits that Plaintiff appears to be proceeding pro se, and admits that Plaintiff complains in the First Amended Complaint of Erik Dykema ("Dykema"), Kyle Zeller ("Zeller"), and DocRails and of the "fictitious business name CaseRails"; states that Plaintiff's allegation regarding and reference to "DocRßails, Inc. [sic]" is unintelligible; specifically denies that Plaintiff has any valid basis for a complaint against the defendants, or any of them; and denies the remaining allegations of the unnumbered first paragraph.

## ALLEGED NATURE OF THE ACTION

1.     In response to paragraph 1 of Plaintiff's Amended Complaint, DocRails admits that Plaintiff purports to assert claims for alleged trademark infringement, use of false designations of origin and unfair competition, among other alleged claims; specifically denies that Plaintiff asserts claims for misrepresentation, false advertising, dilution or misappropriation; specifically denies that Plaintiff has any valid claims against DocRails or any other defendant; and denies the remaining allegations of paragraph 1.

## PARTIES

2.     DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of Plaintiff's Amended Complaint.

3.     In response to paragraph 3 of Plaintiff's Amended Complaint, DocRails admits that Erik Dykema is an individual and an attorney, admits that Dykema's page on LinkedIn currently identifies Dykema as the "CEO & Co-Founder at CaseRails," admits that Dykema's page on LinkedIn can be accessed at the Internet address stated in paragraph 3, and admits that DocRails currently has an address at 137 Varick St., 2nd Floor, New York, New York 10013; states that Dykema's page on LinkedIn describes CaseRails as a product

that "provides a full-featured word processor and light-weight document management system in one product"; and denies the remaining allegations of paragraph 3.

4.     In response to paragraph 4 of Plaintiff's Amended Complaint, DocRails admits that Kyle Zeller is an individual and an attorney, admits that Zeller's page on LinkedIn currently identifies Zeller as the "COO & Co-Founder CaseRails," admits that Zeller's page on LinkedIn can be accessed at the Internet address stated in paragraph 4, and admits that DocRails currently has an address at 137 Varick St., 2nd Floor, New York, New York 10013; states that Zeller's page on LinkedIn describes CaseRails as "a legal document automation platform"; and denies the remaining allegations of paragraph 4.

5.     In response to paragraph 5 of Plaintiff's Amended Complaint, DocRails admits that DocRails currently has an address at 137 Varick St., 2nd Floor, New York, New York 10013, admits that 137 Varick Street, 2nd Floor, New York, New York 10013 is the address of Zeller IP Group PLLC, and admits that DocRails uses "CaseRails" as a business name, trade name and service mark; states that the CaseRails website at http://www.caserails.com identifies DocRails as the owner of the website; and denies the remaining allegations of paragraph 5.

6.     In response to paragraph 6 of Plaintiff's Amended Complaint, DocRails admits that it is a Delaware corporation, admits that VCorp Services, LLC, at 1811 Silverside Road, Wilmington, Delaware 19810-4345, is DocRails' current registered agent, and admits that DocRails' name did not appear in the e-mail message attached to Plaintiff's Amended Complaint as Exhibit 5; specifically denies that "DocRails' name does not appear on the CaseRails Website" at http://www.caserails.com; states that DocRails' name appears in the "Legal" section of the CaseRails website, including in both the "Terms of Service" and the "Terms of Use," and that the e-mail message attached to Plaintiff's Amended Complaint as Exhibit 5 contains a link to the CaseRails website on which DocRails' name appears; and denies the remaining allegations of paragraph 6.

## JURISDICTION AND VENUE

7.     In response to paragraph 7 of Plaintiff's Amended Complaint, DocRails admits that Plaintiff purports to assert claims arising under the Trademark Act, 15 U.S.C. § 1051, et seq. and claims arising under federal and state common law; specifically denies that Plaintiff has any valid such claims against DocRails or any other defendant; and denies the remaining allegations of paragraph 7.

8.     In response to paragraph 8 of Plaintiff's Amended Complaint, DocRails admits that Zeller resides in New York and admits that DocRails is a Delaware corporation; states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 regarding Plaintiff's residence; denies that Dykema resides in New York; denies that the amount in controversy exceeds $75,000; and denies the remaining allegations of paragraph 8.

9.     In response to paragraph 9 of Plaintiff's Amended Complaint, DocRails admits, for purposes of this action only, that this Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338; admits, for purposes of this action only, that this Court has supplemental jurisdiction over the subject matter of Plaintiff's asserted common law trademark infringement and unfair competition claims under 28 U.S.C. § 1367; and denies the remaining allegations of paragraph 9.

10.    In response to paragraph 10 of Plaintiff's Amended Complaint, DocRails specifically denies that it has transacted business and continues to transact business within this judicial district sufficient to establish venue pursuant to 28 U.S.C. § 1391(b); specifically denies that it has committed

any torts within this judicial district; and denies the remaining allegations of paragraph 10.

11.     DocRails denies the allegations of paragraph 11 of Plaintiff's Amended Complaint.

## STATEMENT OF ALLEGED FACTS

### Plaintiff's Alleged Business and Plaintiff's Alleged Intellectual Property

12.     In response to the allegations of paragraph 12 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and states further that some or all of the allegations of paragraph 12 are not material to the claims asserted by Plaintiff.

13.     In response to the allegations of paragraph 13 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and states further that some or all of the allegations of paragraph 13 are not material to the claims asserted by Plaintiff.

14.     In response to the allegations of paragraph 14 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14

and states further that some or all of the allegations of paragraph 14 are not material to the claims asserted by Plaintiff.

15.     In response to the allegations of paragraph 15 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and states further that some or all of the allegations of paragraph 15 are not material to the claims asserted by Plaintiff.

16.     In response to the allegations of paragraph 16 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and states further that some or all of the allegations of paragraph 16 are not material to the claims asserted by Plaintiff.

17.     In response to the allegations of paragraph 17 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and states further that some or all of the allegations of paragraph 17 are not material to the claims asserted by Plaintiff.

18.     In response to the allegations of paragraph 18 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 18 and states further that some or all of the allegations of paragraph 18 are not material to the claims asserted by Plaintiff.

19.    In response to the allegations of paragraph 19 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and states further that some or all of the allegations of paragraph 19 are not material to the claims asserted by Plaintiff.

20.    In response to the allegations of paragraph 20 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and states further that some or all of the allegations of paragraph 20 are not material to the claims asserted by Plaintiff.

21.    In response to the allegations of paragraph 21 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and states further that some or all of the allegations of paragraph 21 are not material to the claims asserted by Plaintiff.

22.     In response to the allegations of paragraph 22 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and states further that some or all of the allegations of paragraph 22 are not material to the claims asserted by Plaintiff.

23.     In response to the allegations of paragraph 23 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and states further that some or all of the allegations of paragraph 23 are not material to the claims asserted by Plaintiff.

24.     In response to the allegations of paragraph 24 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and states further that some or all of the allegations of paragraph 24 are not material to the claims asserted by Plaintiff.

25.     In response to the allegations of paragraph 25 of Plaintiff's Amended Complaint, DocRails states that the allegations of paragraph 25 are, in part, unintelligible, states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 to the

extent they are understood by DocRails, and states further that some or all of the allegations of paragraph 25 are not material to the claims asserted by Plaintiff.

26.     In response to the allegations of paragraph 26 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and states further that some or all of the allegations of paragraph 26 are not material to the claims asserted by Plaintiff.

27.     In response to the allegations of paragraph 27 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and states further that some or all of the allegations of paragraph 27 are not material to the claims asserted by Plaintiff.

28.     In response to the allegations of paragraph 28 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and states further that some or all of the allegations of paragraph 28 are not material to the claims asserted by Plaintiff.

29.     In response to the allegations of paragraph 29 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and states further that some or all of the allegations of paragraph 29 are not material to the claims asserted by Plaintiff.

30.     In response to the allegations of paragraph 30 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and states further that some or all of the allegations of paragraph 30 are not material to the claims asserted by Plaintiff.

31.     In response to the allegations of paragraph 31 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and states further that some or all of the allegations of paragraph 31 are not material to the claims asserted by Plaintiff.

32.     In response to the allegations of paragraph 32 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32

and states further that some or all of the allegations of paragraph 32 are not material to the claims asserted by Plaintiff.

33.     In response to the allegations of paragraph 33 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and states further that some or all of the allegations of paragraph 33 are not material to the claims asserted by Plaintiff.

Plaintiff's Alleged "CaseWebs" Mark

34.     DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of Plaintiff's Amended Complaint.

35.     DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of Plaintiff's Amended Complaint.

36.     DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of Plaintiff's Amended Complaint.

37.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of Plaintiff's Amended Complaint.

38.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of Plaintiff's Amended Complaint.

39.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of Plaintiff's Amended Complaint.

40.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of Plaintiff's Amended Complaint.

41.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of Plaintiff's Amended Complaint.

42.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of Plaintiff's Amended Complaint.

43.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of Plaintiff's Amended Complaint.

44.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of Plaintiff's Amended Complaint.

45.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of Plaintiff's Amended Complaint.

46.    In response to the allegations of paragraph 46, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of Plaintiff's Amended Complaint, and states further that, based on Plaintiff's description of Plaintiff's alleged "CaseWebs" product, that product would not be considered "document creation software."

47.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of Plaintiff's Amended Complaint.

48.   DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of Plaintiff's Amended Complaint.

49.   In response to the allegations of paragraph 49 of Plaintiff's Amended Complaint, DocRails admits that certain courts may not permit attorneys to bring computers into their courtrooms or may not have Wi-Fi or cellular access available, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49.

50.   DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of Plaintiff's Amended Complaint.

51.   DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of Plaintiff's Amended Complaint.

52.   DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of Plaintiff's Amended Complaint.

53.   DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of Plaintiff's Amended Complaint.

54.   DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of Plaintiff's Amended Complaint.

55.   In response to the allegations of paragraph 55 of Plaintiff's Amended Complaint, DocRails admits that the document attached to the Amended Complaint as Exhibit 1 appears to be a copy of U.S. Service Mark Registration Number 3,316,614 (the "CaseWebs Registration"); admits that the CaseWebs Registration was issued to Plaintiff on October 23, 2007 for the mark "CaseWebs" for the services identified therein; admits that the CaseWebs Registration is on the Principal Register; states that it is without knowledge or information sufficient to form a belief as to whether the CaseWebs Registration was properly issued or is valid; and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 55.

56.   In response to the allegations of paragraph 56 of Plaintiff's Amended Complaint, DocRails specifically denies that the CaseWebs Registration was

"granted" incontestable or any other status on November 15, 2012; specifically denies that the alleged mark "CaseWebs" is a "strong mark," let alone a "very strong mark"; states that it appears that Plaintiff filed a combined declaration of use and incontestability under sections 8 and 15 of the Trademark Act on or about October 23, 2012 and that Plaintiff's declaration of incontestability was acknowledged by the U.S. Patent and Trademark Office ("USPTO") on November 15, 2012; states that it is without knowledge or information sufficient to form a belief as to whether the USPTO properly accepted or properly acknowledged the declaration regarding the CaseWebs Registration; states further that, as a result of the widespread use by many parties of marks for law-related goods and services that contain or begin with the common term "case," the alleged mark "CaseWebs" is a weak mark; and denies the remaining allegations of paragraph 56.

<u>Plaintiff's Alleged "CaseSpace" Mark</u>

57.   DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of Plaintiff's Amended Complaint.

58.     DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of Plaintiff's Amended Complaint.

59.     DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of Plaintiff's Amended Complaint.

60.     In response to the allegations of paragraph 60 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and states further that the allegations of paragraph 60 regarding what Plaintiff may consider to be the "truths of life" are not material to the claims asserted by Plaintiff.

61.     In response to the allegations of paragraph 61 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and states further that some or all of the allegations of paragraph 61 are not material to the claims asserted by Plaintiff.

62.     In response to the allegations of paragraph 62 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information

sufficient to form a belief as to the truth of the allegations of 62 and states further that some or all of the allegations of paragraph 62 are not material to the claims asserted by Plaintiff.

63.    In response to the allegations of paragraph 63 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and states further that some or all of the allegations of paragraph 63 are not material to the claims asserted by Plaintiff.

64.    In response to the allegations of paragraph 64 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and states further that some or all of the allegations of paragraph 64 are not material to the claims asserted by Plaintiff.

65.    In response to the allegations of paragraph 65 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 and states further that some or all of the allegations of paragraph 65 are not material to the claims asserted by Plaintiff.

66.     In response to the allegations of paragraph 66 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and states further that some or all of the allegations of paragraph 66 are not material to the claims asserted by Plaintiff.

67.     In response to the allegations of paragraph 67 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and states further that some or all of the allegations of paragraph 67 are not material to the claims asserted by Plaintiff.

68.     In response to the allegations of 68 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and states further that some or all of the allegations of paragraph 68 are not material to the claims asserted by Plaintiff.

69.     In response to the allegations of paragraph 69 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69

and states further that some or all of the allegations of paragraph 69 are not material to the claims asserted by Plaintiff.

70.    In response to the allegations of paragraph 70 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and states further that some or all of the allegations of paragraph 70 are not material to the claims asserted by Plaintiff.

71.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of Plaintiff's Amended Complaint.

72.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 of Plaintiff's Amended Complaint.

73.    In response to the allegations of paragraph 73 of Plaintiff's Amended Complaint, DocRails admits that the document attached to the Amended Complaint as Exhibit 2 appears to be a copy of U.S. Service Mark Registration Number 3,575,917 (the "CaseSpace Registration"); admits that the application on which the CaseSpace Registration was based was filed on July 10, 2008; admits that the CaseSpace Registration was

issued to Plaintiff on February 17, 2009 for the mark "CaseSpace" for the services identified therein; admits that the CaseWebs Registration is on the Principal Register; states that it is without knowledge or information sufficient to form a belief as to whether the CaseSpace Registration was properly issued or is valid; and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 73.

74.   In response to the allegations of paragraph 74 of Plaintiff's Amended Complaint, DocRails specifically denies that the CaseWebs Registration was "granted" incontestable or any other status on March 8, 2014; specifically denies that the alleged mark "CaseSpace" is a "strong mark," let alone a "very strong mark"; states that it appears that Plaintiff filed a combined declaration of use and incontestability under sections 8 and 15 of the Trademark Act on or about February 19, 2014 and that Plaintiff's declaration of incontestability was acknowledged by the USPTO on March 8, 2014; states that it is without knowledge or information sufficient to form a belief as to whether the USPTO properly accepted or properly acknowledged the declaration regarding the CaseSpace Registration; states further that, as a result of the widespread use by many parties of marks for

law-related goods and services that contain or begin with the common term "case," the alleged mark "CaseSpace" is a weak mark; and denies the remaining allegations of paragraph 74.

Plaintiff's Alleged "CaseWorks Web" Mark

75.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 of Plaintiff's Amended Complaint.

76.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of Plaintiff's Amended Complaint.

77.    In response to the allegations of paragraph 77 of Plaintiff's Amended Complaint, DocRails admits that a complaint in an action styled *Sanford J. Asman v. Integrated Imaging, LLC* was filed in the U.S. District Court for the Northern District of Georgia, admits that said action was assigned civil case number 1:11-cv-4206-RWS (the "Integrated Imaging Action"), and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 77.

78.    In response to the allegations of paragraph 78 of Plaintiff's Amended Complaint, DocRails admits that an application to register the mark

"CaseWorks Web" was the subject of opposition proceeding number 91200535 before the Trademark Trial and Appeal Board of the USPTO, states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 78, and states further that most of the allegations of paragraph 78 are argumentative, self-serving and improper.

79.   In response to the allegations of paragraph 79 of Plaintiff's Amended Complaint, DocRails admits that the document attached to the Amended Complaint as Exhibit 3 appears to be a copy of an Order that was entered in the Integrated Imaging Action based on the consent of the parties; states that the document speaks for itself as to its terms; specifically denies that the order attached to the Amended Complaint as Exhibit 3 "recognizes" Plaintiff's "rights and title to 'Case' formative marks used on web-based legal application software"; and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 79.

80.   In response to the allegations of paragraph 80 of Plaintiff's Amended Complaint, DocRails admits that the document attached to the Amended Complaint as Exhibit 4 appears to be a copy of U.S. Service

Mark Registration Number 4,144,587 (the "Caseworks Web Registration"), as corrected on October 16, 2012; admits that the Caseworks Web Registration was issued on May 22, 2012 for the mark "Caseworks Web" for the services identified therein; specifically denies that the "Caseworks Web" mark was "registered to Asman" on May 22, 2012; states that the Caseworks Web Registration was issued to Integrated Imaging, LLC on May 22, 2012; states that it is without knowledge or information sufficient to form a belief as to whether the Caseworks Web Registration was properly issued or is valid, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 80.

<u>Plaintiff's Allegations Regarding "Rails"</u>

81.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of Plaintiff's Amended Complaint.

82.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 of Plaintiff's Amended Complaint.

83.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 of Plaintiff's Amended Complaint.

84.    In response to the allegations of paragraph 84 of Plaintiff's Amended Complaint, DocRails admits that "Ruby on Rails" is an open source web application framework that utilizes the Ruby programming language, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 84.

85.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 of Plaintiff's Amended Complaint.

<u>Plaintiff's Allegations Regarding "The Internet Domains"</u>

86.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 of Plaintiff's Amended Complaint.

87.    In response to the allegations of paragraph 87 of Plaintiff's Amended Complaint, DocRails specifically denies that Plaintiff's claimed ownership of the CaseWebs Registration, the CaseSpace Registration, the Caseworks Web Registration and/or any domains or domain names that Plaintiff claims to own

demonstrate "a strong ownership interest" by Plaintiff in "web-based legal application software using 'Case' formative marks"; states that numerous other parties own and use marks and domain names that begin with or include "case" for such software or related goods or services; and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 87.

88.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 of Plaintiff's Amended Complaint.

89.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 of Plaintiff's Amended Complaint.

90.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 of Plaintiff's Amended Complaint.

91.    In response to the allegations of paragraph 91 of Plaintiff's Amended Complaint, DocRails specifically denies that "use of the word 'rails' in connection with a web-based legal application also using the word 'case'" implicates any legitimate rights of Plaintiff, any rights of Plaintiff in the alleged marks

"CaseWebs," "CaseSpace," or "Caseworks Web," or any software or other products or services of Plaintiff, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 91.

<u>Plaintiff's Allegations Regarding The Defendants' Activities</u>

92.     DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 of Plaintiff's Amended Complaint.

93.     In response to the allegations of paragraph 93 of Plaintiff's Amended Complaint, DocRails admits that Dykema, acting in his capacity as CEO of DocRails, sent to Plaintiff an e-mail message on or about May 8, 2015 (the "May 8 Message"); admits that the document attached to the Amended Complaint as Exhibit 5 appears to be a copy of the May 8 Message; states that the May 8 Message speaks for itself as to its contents; states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 regarding any alleged software of Plaintiff or any "areas" that may have been "addressed" by any such alleged software; and denies the remaining allegations of paragraph 93.

94.    In response to the allegations of paragraph 94 of Plaintiff's Amended Complaint, DocRails admits that Plaintiff contacted Dykema by telephone; admits that, during the conversation, Plaintiff asserted to Dykema that Plaintiff objected to DocRails' use of the name "CaseRails," asserted that Plaintiff had broad exclusive rights to all uses of the term "case" in connection with Internet-related software for attorneys working on "cases," and asserted that some software with which Plaintiff was associated had been created using the Ruby on Rails platform in whole or in part; states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the timing of Plaintiff's call to Dykema; states further that, during Plaintiff's telephone call with Dykema, Plaintiff refused to respond to Dykema's inquiries regarding the current use by Plaintiff or any customers of Plaintiff of any products or services on or in connection with which the marks asserted by Plaintiff are used, and threatened Dykema with litigation if Dykema did not agree to discontinue use of the name "CaseRails"; and denies the remaining allegations of paragraph 94.

95.    In response to the allegations of paragraph 95 of Plaintiff's Amended Complaint, DocRails admits that, during Plaintiff's telephone conversation with Dykema, Plaintiff made a number of claims and assertions, including the claim that some product associated with Plaintiff was created using the Ruby on Rails

platform; states that, during Plaintiff's telephone call with Dykema, Plaintiff refused to respond to Dykema's inquiries regarding the current use by Plaintiff or any customers of Plaintiff of any products or services on or in connection with which the marks asserted by Plaintiff are used, and threatened Dykema with litigation if Dykema did not agree to discontinue use of the name "CaseRails"; and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 95.

96.    DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 of Plaintiff's Amended Complaint.

97.    In response to the allegations of paragraph 97 of Plaintiff's Amended Complaint, DocRails admits that, at some time after Plaintiff's telephone conversation with Dykema, Plaintiff also contacted Zeller by telephone regarding his purported trademark rights and DocRails' use of its "CaseRails" mark, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 97.

98.    In response to the allegations of paragraph 98 of Plaintiff's Amended Complaint, DocRails states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98

of Plaintiff's Amended Complaint, and states further that, if Plaintiff was interested in "determin[ing] the name of the legal entity" responsible for the CaseRails website, Plaintiff could have easily determined the name of that entity by reviewing the "Legal" section of the CaseRails website and the "Terms of Use" and "Terms of Service" contained therein, both of which clearly identified DocRails as the entity responsible for the CaseRails website.

99.     In response to the allegations of paragraph 99 of Plaintiff's Amended Complaint, DocRails specifically denies that any review by Plaintiff of the CaseRails website located at http://www.caserails.com was "careful"; states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 99; and states further that both the "Terms of Use" and "Terms of Service" pages of the CaseRails website at http://www.caserails.com, accessed through the menu heading "Legal" on the website, refer to and identify DocRails Inc. as the legal entity responsible for the website.

100. In response to the allegations of paragraph 100 of Plaintiff's Amended Complaint, DocRails admits that the document attached to the Amended Complaint as Exhibit 6 appears to be a copy of a letter dated May 8, 2015

from Plaintiff to Dykema and Zeller (the "May 8 Letter"), states that the May 8 Letter speaks for itself as to its contents; and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 100.

101. In response to the allegations of paragraph 101 of Plaintiff's Amended Complaint, DocRails states that the May 8 Letter speaks for itself as to its contents.

102. In response to the allegations of paragraph 102 of Plaintiff's Amended Complaint, DocRails admits that, on May 22, 2015, Dykema sent to Plaintiff a letter in response to the May 8 Letter; admits that the document attached to the Amended Complaint as Exhibit 7 appears to be a copy of Dykema's May 22 letter to Plaintiff (the "May 22 Letter"); specifically denies that the May 22 Letter was "on the letterhead of 'RailDocs, Inc.'"; admits that there is no reference to an entity named "RailDocs, Inc." in the May 8 Message or on the CaseRails website; states that the May 22 Letter speaks for itself as to its contents; states that it is without knowledge or information sufficient to form a belief as to the allegations of paragraph 102 regarding when Plaintiff received the May 22 Letter; and denies the remaining allegations of paragraph 102.

103. In response to the allegations of paragraph 103 of Plaintiff's Amended Complaint, DocRails states that the May 22 Letter speaks for itself as to its contents; specifically denies that DocRails' use of the name and mark "CaseRails" or of the domain name "caserails.com" is "infringing"; and denies the remaining allegations of paragraph 103.

104. In response to the allegations of paragraph 104 of Plaintiff's Amended Complaint, DocRails admits that the name "DocRails, Inc." appears on the May 22 Letter to Plaintiff; admits that the name "DocRails, Inc." did not appear in the May 8 Message; specifically denies that the name "DocRails, Inc." does not appear on the CaseRails website; states that DocRails' name appears in the "Legal" section of the CaseRails website, including in both the "Terms of Service" and the "Terms of Use," and that the May 8 Message contains a link to the CaseRails website on which DocRails' name appears; and denies the remaining allegations of paragraph 104.

105. In response to the allegations of paragraph 105 of Plaintiff's Amended Complaint, DocRails admits that, on May 5, 2015, DocRails filed an application with the USPTO to register the mark "CaseRails" (the "CaseRails Application"); admits that the CaseRails Application was assigned serial number 86-619,540; admits that the document attached to the Amended Complaint as

Exhibit 8 appears to be a copy of the CaseRails Application; and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 105.

106. In response to the allegations of paragraph 106 of Plaintiff's Amended Complaint, DocRails admits that the CaseRails Application seeks to register the "CaseRails" mark for "electronic storage of files and documents; [and] providing temporary use of a non-downloadable web application for document drafting"; specifically denies that the CaseRails Application refers to any software as "web-based software as a" anything or uses the phrase "web-based software"; specifically denies that any statements in the CaseRails Application are "deceptive" or intended to "hide" any facts in any way; states that the description of services stated in the CaseRails Application is accurate and consistent with USPTO practice regarding such descriptions; states further that, despite Plaintiff's numerous references in Plaintiff's Amended Complaint to Plaintiff's alleged "CaseWebs" and "CaseSpace" products as "software," neither the CaseWebs Registration nor the CaseSpace Registration identifies "software" per se, which is properly classified in International Class 9, as goods for which the marks are registered; and denies the remaining allegations of paragraph 106.

107. In response to the allegations of paragraph 107 of Plaintiff's Amended Complaint, DocRails admits that the CaseRails Application states that "CaseRails" mark was first used in commerce at least as early as June 10, 2014; denies that June 10, 2014 is "approximately five years after" October 23, 2007, the date on which the CaseWebs Registration was issued; specifically denies that the CaseWebs Registration was "granted 'incontestable' status" on any date; states further that the CaseRails Application states that the "CaseRails" mark was first used anywhere at least as early as May 24, 2012; and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 107.

108. In response to the allegations of paragraph 108 of Plaintiff's Amended Complaint, DocRails admits that the CaseRails Application states that the "CaseRails" mark was first used in commerce at least as early as June 10, 2014; denies that June 10, 2014 is "approximately five years after" February 17, 2009, the date on which the CaseSpace Registration was issued; specifically denies that the CaseSpace Registration was "granted 'incontestable' status" on any date; states further that the CaseRails Application states that the "CaseRails" mark was first used anywhere at

least as early as May 24, 2012; and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 108.

109. In response to the allegations of paragraph 109 of Plaintiff's Amended Complaint, DocRails admits that the CaseRails Application states that the "CaseRails" mark was first used in commerce at least as early as June 10, 2014; admits that June 10, 2014 is "approximately two years after" May 22, 2012, the date on which the Caseworks Web Registration was issued; states further that the CaseRails Application states that the "CaseRails" mark was first used anywhere at least as early as May 24, 2012; and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 109.

110. In response to the allegations of paragraph 110 of Plaintiff's Amended Complaint, DocRails admits that the CaseRails Application seeks registration of the "CaseRails" mark for services classified in International Class 42; admits that the CaseWebs Registration, the CaseSpace Registration and the Caseworks Web Registration are for services classified in International Class 42; and denies the remaining allegations of paragraph 110.

111. In response to the allegations of paragraph 111 of Plaintiff's Amended Complaint, DocRails specifically denies that the use by DocRails of the mark "CaseRails" is likely to cause confusion; states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 111 regarding any identification of any software of Plaintiff as "having been written in 'Rails'"; and denies the remaining allegations of paragraph 111.

112. In response to the allegations of paragraph 112 of Plaintiff's Amended Complaint, DocRails admits that the "CaseRails" service includes the ability to create legal documents; admits that it continues to use the "CaseRails" mark; specifically denies that it has made any false claims; specifically denies that its "CaseRails" mark is "infringing"; and denies the remaining allegations of paragraph 112.

113. In response to the allegations of paragraph 113 of Plaintiff's Amended Complaint, DocRails specifically denies that it has made any false claims; states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 113; and states further that the allegations of paragraph 113 regarding alleged

activities of Plaintiff in the 1970s are impertinent and gratuitous, and are not material to the claims asserted by Plaintiff.

114.  DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 114 of Plaintiff's Amended Complaint.

115.  DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 115 of Plaintiff's Amended Complaint.

116.  In response to the allegations of paragraph 116 of Plaintiff's Amended Complaint, DocRails specifically denies that its use of the mark "CaseRails" is "infringing," and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 116.

117.  In response to the allegations of paragraph 117 of Plaintiff's Amended Complaint, DocRails specifically denies that "any use of a 'Case' formative mark" by DocRails is likely to cause confusion, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 117.

118. In response to the allegations of paragraph 118 of Plaintiff's Amended Complaint, DocRails specifically denies that its use of the mark "CaseRails" is "infringing," and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 118.

119. DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 119 of Plaintiff's Amended Complaint.

<u>First Alleged Cause of Action</u>

Alleged Federal Trademark Infringement in Violation of
<u>15 USC §1114 and §1117  ("CaseWebs" U.S. Reg. No. 3,316,614)</u>

120. In response to the allegations of paragraph 120 of Plaintiff's Amended Complaint, DocRails hereby incorporates by reference herein its responses to the allegations of paragraphs 1 through 119 of Plaintiff's Amended Complaint, as stated above, as if fully set forth herein.

121. DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 121 of Plaintiff's Amended Complaint.

122. In response to the allegations of paragraph 122 of Plaintiff's Amended Complaint, DocRails specifically denies that any mark used by

DocRails is "confusingly similar" to Plaintiff's claimed "CaseWebs" mark; states that the allegations of paragraph 122 are, in part, unintelligible; states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph regarding the language in which Plaintiff's alleged "CaseWebs" product is written or any URLs associated with Plaintiff's alleged "CaseWebs" product; and denies the remaining allegations of paragraph 122.

123. In response to the allegations of paragraph 123 of Plaintiff's Amended Complaint, DocRails admits that it has not received Plaintiff's consent to use the "CaseRails" mark; states that such consent is not required; specifically denies that DocRails' use of the mark "CaseRails" is in violation of 15 U.S.C. § 1114 or 15 U.S.C. § 1117; and denies the remaining allegations of paragraph 123.

124. DocRails denies the allegations of paragraph 124 of Plaintiff's Amended Complaint.

125. In response to the allegations of paragraph 125 of Plaintiff's Amended Complaint, DocRails admits that 15 U.S.C. § 1072 relates to constructive notice of a registrant's claim of ownership of a registered mark; states that the remaining allegations of paragraph 125 are legal conclusions to which no

response is required; and, to the extent any response thereto is required, denies the remaining allegations of paragraph 125.

126. In response to the allegations of paragraph 126 of Plaintiff's Amended Complaint, DocRails admits that Plaintiff communicated to DocRails Plaintiff's claimed ownership of the mark "CaseWebs" at least as early as May 8, 2015; admits that both Dykema and Zeller are attorneys; and denies the remaining allegations of paragraph 126.

127. In response to the allegations of paragraph 127 of Plaintiff's Amended Complaint, DocRails admits that it continues to offer its services under the "CaseRails" mark; specifically denies that its mark "CaseRails" is "infringing"; and denies the remaining allegations of paragraph 127.

## Second Alleged Cause of Action

## Alleged Federal Trademark Infringement in Violation of
## 15 USC §1114 and §1117 ("CaseSpace" U.S. Reg. No. 3,575,917)

128. In response to the allegations of paragraph 128 of Plaintiff's Amended Complaint, DocRails hereby incorporates by reference herein its responses to the allegations of paragraphs 1 through 127 of Plaintiff's Amended Complaint, as stated above, as if fully set forth herein.

129.  DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 129 of Plaintiff's Amended Complaint.

130.  In response to the allegations of paragraph 130 of Plaintiff's Amended Complaint, DocRails specifically denies that any mark used by DocRails is "confusingly similar" to Plaintiff's claimed "CaseSpace" mark; states that the allegations of paragraph 130 are, in part, unintelligible; states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph regarding the language in which Plaintiff's alleged "CaseSpace" product is written or any URLs associated with Plaintiff's alleged "CaseSpace" product; and denies the remaining allegations of paragraph 130.

131.  In response to the allegations of paragraph 131 of Plaintiff's Amended Complaint, DocRails admits that it has not received Plaintiff's consent to use the "CaseRails" mark; states that such consent is not required; specifically denies that DocRails' use of the mark "CaseRails" is in violation of 15 U.S.C. § 1114 or 15 U.S.C. § 1117; and denies the remaining allegations of paragraph 131.

132.  In response to the allegations of paragraph 132 of Plaintiff's Amended Complaint, DocRails specifically denies that any mark used by

DocRails is "a colorable imitation, counterfeit, [or] copy" of  and/or confusingly similar" to, Plaintiff's claimed "CaseSpace" mark; states that the allegations of paragraph 132 are, in part, unintelligible; specifically denies that DocRails' use of the mark "CaseRails" is likely to cause confusion or to cause mistake or to deceive, or is in violation of 15 U.S.C. § 1114 or 15 U.S.C. § 1117; and denies the remaining allegations of paragraph 132.

133.  In response to the allegations of paragraph 133 of Plaintiff's Amended Complaint, DocRails admits that 15 U.S.C. § 1072 relates to constructive notice of a registrant's claim of ownership of a registered mark; states that the remaining allegations of paragraph 133 are legal conclusions to which no response is required; and, to the extent any response thereto is required, denies the remaining allegations of paragraph 133.

134.  In response to the allegations of paragraph 134 of Plaintiff's Amended Complaint, DocRails admits that Plaintiff communicated to DocRails Plaintiff's claimed ownership of the mark "CaseWebs" at least as early as May 8, 2015; and denies the remaining allegations of paragraph 134.

135.  In response to the allegations of paragraph 135 of Plaintiff's Amended Complaint, DocRails admits that it continues to offer its services under the "CaseRails" mark; states that the allegations of paragraph 135

regarding "constructing" notice are unintelligible; specifically denies that its mark "CaseRails" is "infringing"; and denies the remaining allegations of paragraph 135.

Third Alleged Cause of Action

Alleged Federal Trademark Infringement in Violation of<br>15 USC §1114 and §1117 ("Caseworks Web" U.S. Reg. No. 4,144,587)

136. In response to the allegations of paragraph 136 of Plaintiff's Amended Complaint, DocRails hereby incorporates by reference herein its responses to the allegations of paragraphs 1 through 135 of Plaintiff's Amended Complaint, as stated above, as if fully set forth herein.

137. DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 137 of Plaintiff's Amended Complaint.

138. In response to the allegations of paragraph 138 of Plaintiff's Amended Complaint, DocRails specifically denies that any mark used by DocRails is "confusingly similar" to Plaintiff's claimed "Caseworks Web" mark; and denies the remaining allegations of paragraph 138.

139. In response to the allegations of paragraph 139 of Plaintiff's Amended Complaint, DocRails admits that it has not received Plaintiff's consent to use the "CaseRails" mark; states that such consent is not required; specifically

denies that DocRails' use of the mark "CaseRails" is in violation of 15 U.S.C. § 1114 or 15 U.S.C. § 1117; and denies the remaining allegations of paragraph 139.

140. In response to the allegations of paragraph 140 of Plaintiff's Amended Complaint, DocRails specifically denies that any mark used by DocRails is "a colorable imitation, counterfeit, [or] copy" of and/or confusingly similar" to, Plaintiff's claimed "Caseworks Web" mark; states that the allegations of paragraph 140 are, in part, unintelligible; specifically denies that DocRails' use of the mark "CaseRails" is likely to cause confusion or to cause mistake or to deceive, or is in violation of 15 U.S.C. § 1114 or 15 U.S.C. § 1117; and denies the remaining allegations of paragraph 140.

141. In response to the allegations of paragraph 141 of Plaintiff's Amended Complaint, DocRails admits that 15 U.S.C. § 1072 relates to constructive notice of a registrant's claim of ownership of a registered mark; states that the remaining allegations of paragraph 141 are legal conclusions to which no response is required; and, to the extent any response thereto is required, denies the remaining allegations of paragraph 141.

142. In response to the allegations of paragraph 142 of Plaintiff's Amended Complaint, DocRails admits that Plaintiff communicated to DocRails

Plaintiff's claimed ownership of the mark "CaseWebs" at least as early as May 8, 2015; and denies the remaining allegations of paragraph 142.

143. In response to the allegations of paragraph 143 of Plaintiff's Amended Complaint, DocRails admits that it continues to offer its services under the "CaseRails" mark; states that the allegations of paragraph 143 regarding "constructing" notice are unintelligible; specifically denies that its mark "CaseRails" is "infringing"; and denies the remaining allegations of paragraph 143.

Fourth Alleged Cause of Action

Alleged False Designation of Origin<br>Pursuant to § 43 of the Lanham Act, 15 USC § 1125

144. In response to the allegations of paragraph 144 of Plaintiff's Amended Complaint, DocRails hereby incorporates by reference herein its responses to the allegations of paragraphs 1 through 143 of Plaintiff's Amended Complaint, as stated above, as if fully set forth herein.

145. In response to the allegations of paragraph 145 of Plaintiff's Amended Complaint, DocRails specifically denies that it has infringed any marks of Plaintiff, and denies the remaining allegations of paragraph 145.

146. DocRails denies the allegations of paragraph 146 of Plaintiff's Amended Complaint.

147. DocRails denies the allegations of paragraph 147 of Plaintiff's Amended Complaint.

Fifth Alleged Cause of Action

Alleged Common Law Trademark Infringement and Unfair Competition

148. In response to the allegations of paragraph 148 of Plaintiff's Amended Complaint, DocRails hereby incorporates by reference herein its responses to the allegations of paragraphs 1 through 147 of Plaintiff's Amended Complaint, as stated above, as if fully set forth herein.

149. DocRails denies the allegations of paragraph 149 of Plaintiff's Amended Complaint.

150. DocRails denies the allegations of paragraph 150 of Plaintiff's Amended Complaint.

151. DocRails denies the allegations of paragraph 151 of Plaintiff's Amended Complaint.

152. In response to the allegations of paragraph 152 of Plaintiff's Amended Complaint, DocRails specifically denies that it has engaged in any wrongful acts, and denies the remaining allegations of paragraph 152.

153. DocRails denies the allegations of paragraph 153 of Plaintiff's Amended Complaint.

154. In response to the allegations of paragraph 154 of Plaintiff's Amended Complaint, DocRails specifically denies that it has engaged in any wrongful acts, and denies the remaining allegations of paragraph 154.

155. In response to the allegations of paragraph 155 of Plaintiff's Amended Complaint, DocRails specifically denies that it has engaged in any wrongful activities, and denies the remaining allegations of paragraph 155.

<u>Sixth Alleged Cause of Action</u>

<u>Alleged "Injunction As to '540 Application"</u>

156. In response to the allegations of paragraph 156 of Plaintiff's Amended Complaint, DocRails hereby incorporates by reference herein its responses to the allegations of paragraphs 1 through 155 of Plaintiff's Amended Complaint, as stated above, as if fully set forth herein.

157. In response to the allegations of paragraph 157 of Plaintiff's Amended Complaint, DocRails admits that DocRails filed the CaseRails Application, admits that the CaseRails Application seeks federal registration of the mark "CaseRails" for the services recited in the CaseRails Application, and denies the remaining allegations of paragraph 157.

158.  In  response  to  the  allegations  of  paragraph  158  of  Plaintiff's
Amended Complaint, DocRails admits that the CaseRails Application included a
declaration  signed  by  Dykema  on  behalf  of  DocRails  and  admits  that  the
declaration contained the language quoted in paragraph 158; specifically denies
that the declaration was improper in any way; states that the entire declaration and
CaseRails Application speaks for itself as to their contents; states that Dykema
signed the declaration in good faith and that the declaration was and is true, and
denies the remaining allegations of paragraph 158.

159.  In  response  to  the  allegations  of  paragraph  159  of  Plaintiff's
Amended Complaint, DocRails admits that the applicant named in the DocRails
Application is "Docrails Inc., DBA CaseRails"; states that DocRails is the proper
applicant for registration of the "CaseRails" mark and that "CaseRails" is also a
trade  name  used  by  DocRails;  and  denies  the  remaining  allegations  of
paragraph 159.

160.  In  response  to  the  allegations  of  paragraph  160  of  Plaintiff's
Amended  Complaint,  DocRails  admits  that,  to  the  best  of  DocRails'
knowledge,  there  is  no  legal  entity  named  "CaseRails";  states  that  the
May 8 Letter speaks for itself as to its contents; and states that it is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 160.

161. In response to the allegations of paragraph 161 of Plaintiff's Amended Complaint, DocRails admits that DocRails has not withdrawn the CaseRails Application; admits that DocRails has not "advised" the USPTO of Plaintiff's unfounded claims; specifically denies that the declaration contained in the CaseRails Application, or any part of the declaration, is untrue; specifically denies that Dykema or Zeller is aware that the declaration contained in the CaseRails Application, or any part of the declaration, is untrue; specifically denies that any communications from Plaintiff give rise to any reason for DocRails to take any action with respect to the CaseRails Application; and denies the remaining allegations of paragraph 161.

162. DocRails denies the allegations of paragraph 162 of Plaintiff's Amended Complaint.

Seventh Alleged Cause of Action

Alleged Defamation, Harassment

163. In response to the allegations of paragraph 163 of Plaintiff's Amended Complaint, DocRails hereby incorporates by reference herein its

responses to the allegations of paragraphs 1 through 162 of Plaintiff's Amended Complaint, as stated above, as if fully set forth herein.

164.  DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 164 of Plaintiff's Amended Complaint.

165.  DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 165 of Plaintiff's Complaint.

166.  DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 166 of Plaintiff's Complaint.

167. In response to the allegations of paragraph 167 of Plaintiff's Amended Complaint, DocRails admits that Dykema communicated to a representative of the Internet website named "Ars Technica" the contents of the May 8 Letter; specifically denies that the May 8 Letter was "a private communication" or subject to any confidentiality or privacy restrictions; specifically denies that Dykema encouraged the Ars Technica website to publish derogatory comments regarding Plaintiff; states that communications like the May 8 Letter are often shared with members of the

media, including bloggers, that there are websites (including blogs) dedicated to letters and demands similar to the May 8 Letter and the demands made therein by Plaintiff, and that such issues are matters of significant public interest; specifically denies that Dykema made any derogatory comments regarding Plaintiff; states that the references to Plaintiff as "Ass man" and the registration of the domain name "sanfordasman.com" were actions of third parties for which DocRails is not responsible; states that it is without knowledge or information regarding whether Plaintiff sponsors or endorses the website identified as "The Scuzz Feed" that appears at the Internet address "sanfordasman.com"; and denies the remaining allegations of paragraph 167.

168. In response to the allegations of paragraph 168 of Plaintiff's Amended Complaint, DocRails admits that Dykema identified Plaintiff as an attorney who previously threatened, and has now filed, a lawsuit seeking to inhibit the lawful rights of DocRails, a start-up company created by Dykema, Zeller and others; admits that Dykema and Zeller are attorneys; states that the statements made by Dykema to Ars Technica were and are true; and denies the remaining allegations of paragraph 168.

169. In response to the allegations of paragraph 169 of Plaintiff's Amended Complaint, DocRails admits that Dykema has served as an adjunct professor at New York University and that Dykema has taught one or more courses regarding media law; specifically denies that any article published by Ars Technica was "slanted"; states that DocRails is not responsible for the views of third parties regarding Plaintiff's demands or the ways in which such third parties have expressed those views; and denies the remaining allegations of paragraph 169.

170. In response to the allegations of paragraph 170 of Plaintiff's Amended Complaint, DocRails specifically denies that Dykema "induced" the publication of any article, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 170.

171. In response to the allegations of paragraph 171 of Plaintiff's Amended Complaint, DocRails specifically denies that Dykema attributed to Plaintiff any "false quotes," and denies the remaining allegations of paragraph 171.

172. In response to the allegations of paragraph 172 of Plaintiff's Amended Complaint, DocRails specifically denies that Plaintiff has any legitimate

claims to DocRails' "CaseRails" mark; states that it is without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 172 regarding whether Plaintiff has any rights "pursuant to" any registrations claimed to be owned by Plaintiff; and denies the remaining allegations of paragraph 172.

173.  DocRails denies the remaining allegations of paragraph 173 of Plaintiff's Amended Complaint.

Eighth Alleged Cause of Action

Alleged Common Law Conspiracy

174.  In response to the allegations of paragraph 174 of Plaintiff's Amended Complaint, DocRails hereby incorporates by reference herein its responses to the allegations of paragraphs 1 through 173 of Plaintiff's Amended Complaint, as stated above, as if fully set forth herein.

175.  In response to the allegations of paragraph 175 of Plaintiff's Amended Complaint, DocRails states that the May 8 Message speaks for itself as to its contents; states that the May 8 Message refers to "CaseRails" as a "web service": and denies the remaining allegations of paragraph 175.

176.  In response to the allegations of paragraph 176 of Plaintiff's Amended Complaint, DocRails admits that the May 8 Message does not

reference "DocRails"; states that the May 8 Message provides a link to the CaseRails website on which DocRails' name appears; and denies the remaining allegations of paragraph 176.

177. In response to the allegations of paragraph 177 of Plaintiff's Amended Complaint, DocRails admits that Dykema's page on LinkedIn currently identifies Dykema as the "CEO & Co-Founder at CaseRails" and that Zeller's page on LinkedIn currently identifies Zeller as the "COO & Co-Founder CaseRails," and denies the remaining allegations of paragraph 177.

178. DocRails admits the allegations of paragraph 178 of Plaintiff's Amended Complaint.

179. In response to the allegations of paragraph 179 of Plaintiff's Amended Complaint, DocRails specifically denies that there is "no mention" of DocRails on the CaseRails website; states that both the "Terms of Use" and "Terms of Service" pages of the CaseRails website at http://www.caserails.com, accessed through the menu heading "Legal" on the website, refer to and identify DocRails Inc. as the legal entity responsible for the website; and denies the remaining allegations of paragraph 179.

180.  DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 180 of Plaintiff's Complaint.

181. In response to the allegations of paragraph 181 of Plaintiff's Amended Complaint, DocRails admits that the May 22 Letter contains DocRails' name as part of the letterhead; specifically denies that Plaintiff has any long established trademark rights that are implicated by DocRails' use of the name and mark "CaseRails"; and denies the remaining allegations of paragraph 181.

182.  In response to the allegations of paragraph 182 of Plaintiff's Amended Complaint, DocRails admits that Dykema and Zeller are attorneys and that DocRails uses the trade name "CaseRails"; specifically denies that Dykema, Zeller or DocRails is "misleading the public at large" or Plaintiff in any respect; and denies the remaining allegations of paragraph 182.

183.  DocRails is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 183 of Plaintiff's Complaint.

184. In response to the allegations of paragraph 184 of Plaintiff's Amended Complaint, DocRails specifically denies that DocRails, Dykema or

Zeller sought in any way to "bring 'social' pressure on" or "defame" Plaintiff; specifically denies that any actions of DocRails, Dykema or Zeller were malicious or deceptive; states that DocRails, Dykema and Zeller are not responsible for any "ridicule" or remarks regarding Plaintiff made by third parties; states that Plaintiff's reference in paragraph 184 to "identity theft" is unsupported and baseless; and denies the remaining allegations of paragraph 184.

185. DocRails denies the allegations of paragraph 185 of Plaintiff's Amended Complaint.

<u>ALLEGED PRAYER FOR RELIEF</u>

In response to the Prayer For Relief contained in Plaintiff's Amended Complaint, DocRails denies that Plaintiff is entitled to a judgment of any kind whatsoever against DocRails and denies that Plaintiff is entitled to any of the relief requested in Plaintiff's Prayer for Relief.

<u>DEFENSES</u>

Pursuant to and in accordance with Rules 8(b) and 8(c) of the Federal Rules of Civil Procedure, without assuming any burden that it would not otherwise bear, without reducing or removing Plaintiff's burdens of proof with respect to his claims against DocRails, reserving its right to assert additional defenses, and affirmatively solely to the extent deemed necessary

by the Court to maintain any or all of the following defenses, DocRails asserts the following defenses to Plaintiff's Complaint:

## FIRST DEFENSE

Plaintiff's Amended Complaint, and each and every claim and count thereof, fails to state a claim against DocRails upon which relief can be granted.

## SECOND DEFENSE

This Court lacks jurisdiction over the person of DocRails.

## THIRD DEFENSE

Venue in this Court is improper as to DocRails.

## FOURTH DEFENSE

The First Amended Complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure in that it does not contain a "short and plain" statement of Plaintiff's alleged claims and instead is needlessly long, repetitious, rambling and self-serving, and contains numerous allegations that are not material to the claims asserted by Plaintiff, thereby imposing unnecessary burdens on the Court and on DocRails.

## FIFTH DEFENSE

Plaintiff does not assert in the Amended Complaint that the claimed marks "CaseWebs," "CaseSpace" or "Caseworks Web" (or any of them) are in current use by Plaintiff, and DocRails has been unable to locate as of the date of this Answer any publicly-available materials reflecting current use of such marks by Plaintiff.  Upon information and belief, any rights that Plaintiff may have had in the marks "CaseWebs," "CaseSpace" and "Caseworks Web" may have been abandoned.  DocRails therefore reserves the right to assert counterclaims for cancellation of the CaseWebs Registration, the CaseSpace Registration and/or the Caseworks Web Registration once DocRails has had an opportunity to obtain discovery from Plaintiff regarding whether such marks are in use and/or when such use ceased.

## SIXTH DEFENSE

The claimed marks "CaseWebs," "CaseSpace" or "Caseworks Web" are inherently weak marks for the services for which they were used and are therefore entitled to a narrow scope of protection.

SEVENTH DEFENSE

Upon information and belief, numerous third parties, including numerous parties whose use began prior to any use by Plaintiff of any marks in which Plaintiff claims an ownership interest, have adopted, used and are using marks that include the common legal term "case" for goods and services targeted to attorneys, including software and Internet-based and Internet-related services.  As a result of such widespread third party use of such marks, the claimed marks "CaseWebs," "CaseSpace" or "Caseworks Web" are weak marks and are entitled to a narrow scope of protection.

EIGHTH DEFENSE

Plaintiff does not assert in the Amended Complaint that Plaintiff has taken any steps or expended any amounts to promote, advertise or market any products or services on or in connection with which any of the claimed marks "CaseWebs," "CaseSpace" or "Caseworks Web" have been used, and DocRails has been unable to locate as of the date of this Answer any publicly-available advertising, promotional or marketing materials regarding any such products.  Upon information and belief, any rights that Plaintiff may have had in the marks "CaseWebs," "CaseSpace" and

"Caseworks Web" are therefore weak and entitled to a narrow scope of protection.

## NINTH DEFENSE

Upon information and belief, the registrations asserted by Plaintiff were obtained and/or maintained by the submission of specimens purporting to show use of the marks that were improper under the USPTO rules and regulations regarding specimens, and the registrations therefore were improperly issued and/or should not have been maintained.

## TENTH DEFENSE

The use by DocRails of the mark "CaseRails" is not likely to cause confusion, to cause mistake or to deceive.

## ELEVENTH DEFENSE

The use by DocRails of the mark "CaseRails" does not infringe any valid rights of Plaintiff.

## TWELFTH DEFENSE

The use by DocRails of the mark "CaseRails" does not constitute use of a false designation of origin, common law trademark infringement or unfair competition.

## THIRTEENTH DEFENSE

The use by DocRails of the mark "CaseRails" is in good faith.

## FOURTEENTH DEFENSE

The use by DocRails of the mark "CaseRails" is without any intent to derive goodwill from Plaintiff's marks "CaseWebs," "CaseSpace" or "Caseworks Web" or otherwise.

## FIFTEENTH DEFENSE

Plaintiff's Sixth Alleged Cause of Action, entitled "Injunction As to '540 Application," fails to state a claim upon which relief can be granted.

## SIXTEENTH DEFENSE

Upon information and belief, the allegations of Plaintiff's Sixth Alleged Cause of Action have been made for an improper purpose and are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

## SEVENTEENTH DEFENSE

Plaintiff's Seventh Alleged Cause of Action for "Defamation, Harassment" fails to state a claim upon which relief can be granted.

## EIGHTEENTH DEFENSE

Upon information and belief, the allegations of Plaintiff's Seventh Alleged Cause of Action have been made for an improper purpose and are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

## NINETEENTH DEFENSE

DocRails is not liable for any statements made by third parties or any actions taken by third parties who have chosen to express their views of Plaintiff's position and claims.

## TWENTIETH DEFENSE

Upon information and belief, any statements made by third parties or any actions taken by third parties who have chosen to express their views of Plaintiff's position and claims were true, were not made with actual malice, were statements of opinion, were made in good faith, and/or are otherwise not defamatory of Plaintiff or actionable.

## TWENTY-FIRST DEFENSE

Plaintiff's Eighth Alleged Cause of Action for "Common Law Conspiracy" fails to state a claim upon which relief can be granted.

## TWENTY-SECOND DEFENSE

Upon information and belief, the allegations of Plaintiff's Eighth Alleged Cause of Action have been made for an improper purpose and are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, and therefore have been made in violation of Rule 11 of the Federal Rules of Civil Procedure.

## TWENTY-THIRD DEFENSE

Plaintiff has suffered no damage as a result of any acts of DocRails.

## TWENTY-FOURTH DEFENSE

Plaintiff has suffered no irreparable injury as a result of any acts of DocRails.

## TWENTY-FIFTH DEFENSE

Plaintiff has failed to mitigate any damages that Plaintiff may have suffered.

## TWENTY-SIXTH DEFENSE

To the extent Plaintiff has suffered any injury, Plaintiff has an adequate remedy at law.

## TWENTY-SEVENTH DEFENSE

Any award of enhanced, increased or punitive damages against DocRails would violate the Constitution of the United States.

## TWENTY-EIGHTH DEFENSE

Any award of enhanced, increased or punitive damages against DocRails would violate the Constitution of the State of Georgia.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

DocRails denies each and every allegation of Plaintiff's Amended Complaint not specifically admitted or otherwise responded to herein. DocRails specifically denies that it has infringed or violated any rights of Plaintiff, specifically denies that it is liable to Plaintiff for any reason or in any amount, and specifically denies that Plaintiff is entitled to any relief whatsoever against DocRails.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Amended Compliant, DocRails respectfully prays for a judgment against Plaintiff as follows:

A.     that Plaintiff take nothing by his Amended Complaint in this action;

B.     that the Court enter judgment against Plaintiff and in favor of DocRails, and that the Amended Complaint in this action, and each and every claim and count thereof, be dismissed with prejudice;

C.     that the Court enter a judgment that DocRails does not infringe any trademark rights of Plaintiff;

D.     that the Court declare this is an exceptional case and award DocRails its reasonable costs and attorneys' fees incurred in defending against Plaintiff's claims; and

E.     that the Court award DocRails any and all other relief to which it may be entitled, or that the Court deems just and proper.

Respectfully submitted,

KING & SPALDING LLP

 s/ Bruce W. Baber
Bruce W. Baber
  (GA Bar No. 030050)
  bbaber@kslaw.com

1180 Peachtree Street, N.E.
Atlanta, Georgia  30309-3521
Telephone:  404-572-4600
Facsimile:  404-572-5100

Attorneys for Defendant
DOCRAILS INC.

OF COUNSEL:

Kathleen E. McCarthy
  kmccarthy@kslaw.com
Mark H. Francis
  mfrancis@kslaw.com
Steven Z. Luksenberg
  sluksenberg@kslaw.com

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036-2601
Telephone:  212-556-2100
Facsimile:  212-556-2222

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing Answer Of DocRails Inc. To Plaintiff's First Amended Complaint with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following attorneys of record:

> Sanford J. Asman
> sandy@asman.com
> Law Office of Sanford J. Asman
> 570 Vinington Court
> Atlanta, Georgia  30350-5710

This 19th day of June, 2015.

> s/ Bruce W. Baber
> Bruce W. Baber