IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SANFORD J. ASMAN,           )
                            )
          Plaintiff,        )        CIVIL ACTION FILE
                            )
     v.                     )        NO. 1:15-CV-1866-ELR
                            )
ERIK DYKEMA, KYLE ZELLER,   )
CASERAILS, and DOCRAILS, INC., )
                            )
          Defendants.       )

REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS AND
FOR JUDGMENT ON THE PLEADINGS

In accordance with Local Rule 7.1.C, DocRails, Inc. ("DocRails"), Erik Dykema ("Dykema") and Kyle Zeller ("Zeller") (collectively, "Defendants") file this reply memorandum in support of their motion (Dkt. No. 17) to dismiss and for judgment on the pleadings as to the First Amended Complaint (the "Amended Complaint" or "Am.Compl.") (Dkt. No. 5).

INTRODUCTION

Plaintiff Asman's response to Defendants' Motion (Response, Dkt. No. 18) acknowledges that this Court does not have general jurisdiction

over any of the Defendants (Response at 6), and appears to rely only on the "transacts any business" subsection of the Georgia long-arm statute, Ga. Code Ann. § 9-10-91(1), in support of jurisdiction.   (Response at 5). However, Plaintiff fails to support his allegations of jurisdiction with any *evidence* that contradicts the factual showing made by Defendants; he relies instead solely on speculation, attorney argument, inapplicable legal precedents, and mischaracterization of Defendants' activities and website. Plaintiff also fails completely to satisfy (or even address) his burden of showing that jurisdiction is proper as to each of the three defendants separately.  *E.g.*, *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980); *Stubbs v. Wyndham Nassau Resort And Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).

The evidence of record – which is not controverted by Plaintiff – demonstrates that each of Defendants DocRails, Dykema and Zeller is a non-resident of Georgia and that none of them have transacted business in this State within the meaning of the Georgia long-arm statute.  The Court therefore does not have jurisdiction over them under either the Georgia long-arm statute or the Constitutional Due Process clause.  And Plaintiff does not dispute that the Amended Complaint should also be dismissed as

to "CaseRails," the "fictitious name" that does not exist as a legal entity and that Plaintiff named as a defendant but has not served. The Amended Complaint should therefore be dismissed in its entirety.

<u>ARGUMENT AND CITATION OF AUTHORITIES</u>

I.    Plaintiff Relies On Unsupported "Facts"
      <u>And Mischaracterizations of the Evidence.</u>

In an attempt to avoid the consequences of the facts made of record by Defendants in the straightforward declarations of Erik Dykema and Kyle Zeller (Dkt. Nos. 17-1, 17-2), Plaintiff makes several assertions of "fact" that are unsupported or that blatantly mischaracterize the materials of record.

Plaintiff first asserts (Response at 3) that the CaseRails website identifies as investors a number of entities that have offices in Georgia. This assertion is a misreading of the website page cited by Plaintiff. That page (Dkt. No. 18-4) makes clear that it is referring to individuals "from some of the top companies in the world" and does not in any way suggest that the companies themselves are investors.[1]  Plaintiff offers no evidence

---

[1]    This assertion by Plaintiff is not only incorrect, it is irrelevant. Even if DocRails had investors who had offices in Georgia, that would not give rise to jurisdiction over DocRails in Georgia. *See, e.g., Davis v. Haupt Bros. Gas Co.*, 131 Ga. App. 628, 206 S.E.2d 598 (1974) (no jurisdiction under Georgia long-arm

that DocRails has any investors in Georgia, and the declarations of Dykema and Zeller confirm that it does not.  (Dkt. No. 17-1 ¶ 8; Dkt. No. 17-2 ¶ 2).

Plaintiff next asserts – again without any supporting evidence – that the DocRails service "has been sold and licensed in Georgia" (Response at 3), despite Mr. Dykema's clear statement to the contrary in his declaration.  (Dkt. No. 17-1 ¶ 9).  Mr. Dykema's declaration explains that, to the best of Defendants' knowledge, there have been only two "trial users" of the CaseRails service *ever* in Georgia (Dkt. No. 17-1 ¶ 21), and the Dykema and Zeller declarations confirm that Defendants have derived no revenue from such trial uses (or any other activities in Georgia).  (Dkt. No. 17-1 ¶ 11; Dkt. No. 17-2 ¶ 6).

Plaintiff also quibbles about what he claims the Dykema and Zeller declarations do not say.  (Response at 4).  Plaintiff speculates – with no supporting evidence of any kind – that Defendants may have "inundated Georgia attorneys with emails"[2] and that "all of the 252 [trial] users" of the

---

statute over South Carolina corporation even though all stockholders, directors and officers were Georgia citizens and corporation purchased supplies from Georgia corporation).

[2]    Plaintiff even goes so far as to claim that Defendants "have admitted that they *specifically targeted Georgia attorneys*," presumably with e-mail messages. (Response at 6 (emphasis added)).  There is no basis for this claim.  The Dykema declaration specifically states that Mr. Dykema does not "know the places in which the recipients of such messages are physically located."  (Dkt. No. 17-1 ¶ 16).

- 4 -

CaseRails service may have been in Georgia.  The Dykema declaration, however, is again clear: it states that, to the best of Mr. Dykema's knowledge, only two of the 252 trial users have been located in Georgia.[3]

Finally, Plaintiff makes the surprising – and plainly incorrect – assertion that Mr. Dykema and DocRails "have sworn that they are using the subject 'CaseRails' mark in commerce throughout the country, *i.e.*, including Georgia" because Mr. Dykema signed DocRails' application for federal registration of the CaseRails trademark.  (Response at 3).  That application says nothing whatsoever about use of any mark "throughout the country"; it only states that DocRails is using the mark in interstate commerce and that Mr. Dykema believes that DocRails is entitled to registration of the mark.  (Dkt. No. 18-5 at 5-6).[4]

What is most telling about Plaintiff's response, however, is that Plaintiff makes no effort to identify any facts supporting jurisdiction over any of the Defendants individually.  Plaintiff's response contains no

---

[3]     Plaintiff also complains that Defendants have not produced to Plaintiff the IP addresses of all of the trial users.  (Response at 4).  Plaintiff, however, sought no discovery in connection with the jurisdictional issues raised by Defendants.  He therefore cannot now suggest that his failure to do so in some way contradicts the uncontroverted evidence made of record by Defendants.

[4]     This erroneous assertion is apparently Plaintiff's basis for arguing – without any support of any kind – that "derivation of revenue is not required" for jurisdiction.  (Response at 3).

analysis whatsoever of the facts as they relate to Zeller or Dykema, and makes no showing that jurisdiction as to those two individual non-residents of Georgia is even arguably proper.   As the courts have repeatedly recognized, issues of personal jurisdiction must be addressed on a defendant-by-defendant basis, with each defendant considered separately. *E.g.*, *Rush,* 444 U.S. at 331-32; *Stubbs*, 447 F.3d at 1360.  As to all three of the defendants, Plaintiff has failed to carry his burden of both producing **evidence** to support jurisdiction, *see Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010), and of showing that the exercise of jurisdiction as to each separate defendant is proper.

II.     The Evidence of Record Shows That The Court Lacks Jurisdiction As To All Three of DocRails, Dykema and Zeller.

The required defendant-by-defendant analysis of the facts in the record shows as follows:

**As to defendant Kyle Zeller:**  Mr. Zeller has had no relevant contacts whatsoever with Georgia, either individually or acting on behalf of DocRails.  Plaintiff suggests no basis (and points to no facts) to support the Court's exercise of jurisdiction over Mr. Zeller.

*As to defendant Erik Dykema:*  Mr. Dykema's only relevant contacts with Georgia are that he sent e-mail messages to Plaintiff and other attorneys, some of whom may be located in Georgia, and that he did so on behalf of DocRails.  As the Eleventh Circuit has made clear, however, those activities are deemed to have taken place in New York, where Mr. Dykema was located at the time he sent those messages – and not Georgia.  *E.g.*, *LABMD, Inc. v. Tiversa, Inc.*, 509 Fed. Appx. 842, 844 (11th Cir. 2013); *see also FisherBroyles, LLP v. Juris Law Group.*, No. 1:14-cv-1101-WSD, 2015 WL 630436, at *5 (N.D. Ga. Feb. 12, 2015).

There is no evidence to suggest that Mr. Dykema has conducted any business personally in Georgia, or that he engaged in any acts in Georgia on behalf of DocRails.  *See Websters Chalk Paint Powder, LLC v. Annie Sloan Interiors, Inc.*, No. 1:13-cv-2040-WSD, 2014 WL 4093669, at *6 (N.D. Ga. Aug. 18, 2014) (granting motion to dismiss as to corporate officer where there was no evidence officer "personally committed an intentional act in connection with transacting business in Georgia").

*As to defendant DocRails:*  DocRails transacts no business in Georgia and has derived no revenue from any customers in Georgia; its only relevant contacts with Georgia have been two trial users in Georgia and

- 7 -

e-mail solicitations sent from New York that may have reached individuals in Georgia in addition to plaintiff Asman.  These contacts are insufficient – even under the inapplicable authorities cited by Plaintiff – to support jurisdiction.

*As to defendant "CaseRails":*  The only evidence of record regarding "CaseRails" is that "CaseRails" is a trade name and service mark used by defendant DocRails, and that there is no legal entity named "CaseRails."

In his response, Plaintiff argues (Response at 5) that Defendants are subject to this Court's jurisdiction only under the "transacts any business" prong of the Georgia long-arm statute, Ga. Code Ann. § 9-10-91(1), and relies on Defendants' alleged efforts to solicit sales on behalf of DocRails in Georgia.   As Defendants' declarations show, Zeller and Dykema have clearly not "transacted business" in Georgia individually, and the "efforts" to solicit sales on behalf of DocRails by e-mail have been minimal, are deemed to have occurred in New York, and are irrelevant under the "transacts . . . business" prong of the statute.[5]  Like the defendants as to

---

[5]      A separate section of the long-arm statute – subsection (3), Ga. Code Ann. § 9-10-91(3) – allows the exercise of jurisdiction if a party "commits a tortious injury in this state caused by an act or omission outside this state," but only "if the tort-feasor *regularly* does or solicits business, or engages in any other *persistent* course of conduct, or derives *substantial* revenue from goods used or consumed or services rendered in this state."  (emphases added).  Plaintiff's failure to assert that

which jurisdiction was found lacking in the cases cited by Plaintiff, Defendant DocRails has not transacted business in this State within the meaning of the statute.

The Eleventh Circuit has held that "subsection (1) long-arm jurisdiction in Georgia expressly depends on the **actual transaction of business**—the doing of some act or consummation of some transaction—by the defendant in the state." *Diamond Crystal Brands*, 593 F.3d at 1260 (citations and quotations omitted) (emphasis added). The cases cited by Plaintiff are consistent with this rule, do not support Plaintiff's "web-based business" rule, and all involve defendants that were found to be transacting business when they had engaged in sales transactions within the state – or were found not to be subject to the statute if they had made no sales to Georgia residents.

In *Wish Atlanta, LLC v. Contextlogic, Inc.*, No. 4:14–cv–00051 (CDL), 2014 WL 5091795 (M.D. Ga. Oct. 9, 2014), for example, the defendant "facilitate[d] the sale of fashion merchandise through an online website and smart phone application," *id.* at *1, and had nearly 100,000

---

jurisdiction is proper under subsection (3) as to any of the defendants is an acknowledgement that Plaintiff cannot satisfy any of the prongs of subsection (3).

registered users in Georgia, had facilitated more than 16,000 online transactions with Georgia residents, and had sold **more than $500,000 in products and derived more than $26,000 in revenue** from online sales to Georgia residents.  *Id.* at *4.  The Court held that the defendant transacted business in Georgia "**each time it derive[d] income from Georgia consumers** by providing a service in exchange for compensation," *id.* at *7 (emphasis added), and therefore found the defendant to be "transacting business under subsection (1)."  *Id.* at *8.

Similarly, in *Fusionbrands, Inc. v. Suburban Bowery of Suffern, Inc.*, No. 1:12-cv-0229-JEC, 2013 U.S. Dist. LEXIS 138138 (N.D. Ga. Sept. 26, 2013), Judge Carnes accepted as true the plaintiff's unrebutted allegation that the defendant had made infringing sales in the district.  *Id.* at *6-7, *11.  The Court therefore found that the "transacts any business" prong of the Georgia long-arm statute was met and that constitutional due process requirements were also met because – unlike here – the record before the Court demonstrated that the defendant "had marketed **and sold** their products over the internet **to residents in the chosen forum**."  *Id.* at *11, *16-17 (emphases added).

In *Jordan Outdoor Enterprises, Ltd. v. That 70's Store, LLC*, 819 F. Supp. 2d 1338, 1343-44 (M.D. Ga. 2011), in contrast, the court found – contrary to Plaintiff's assertion (Response at 6) – that the defendant's website **did** offer products for sale and the website was accessible in Georgia, but that the defendant did not transact business in Georgia because there had been **no *actual* sales** to Georgia residents.  *Id.*

Plaintiff's arguments based on *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119 (W.D. Pa. 1997), fare no better.  Plaintiff correctly notes that the Eleventh Circuit has not endorsed the analysis of that out-of-circuit district court case.  (Response at 6).  Plaintiff ignores, however, that the decisions in this circuit that have cited the *Zippo* decision do not support jurisdiction based on the facts of this case.  In several of the decisions referenced by Plaintiff, the court found no jurisdiction even though the defendant had a website-based business and, unlike DocRails, had made sales to customers in Georgia.

In *Imageline, Inc. v. Fotolia LLC*, 663 F.Supp.2d 1367 (N.D. Ga. 2009), for example, Judge Evans granted the defendant's motion to dismiss even though the defendant had over 3000 users of its website in Georgia (more than 1700 of whom maintained active accounts), the defendant had

derived revenue from its Georgia customers, and the defendant had other contacts with Georgia.  663 F.Supp.2d at 1371-72.  Similarly, in *Barton Southern Co. v. Manhole Barrier Systems, Inc.*, 318 F.Supp.2d 1174 (N.D. Ga. 2004), Judge Hunt granted the defendant's motion to dismiss where the evidence showed that none of the defendant's customers were in Georgia. And in *Sterling Currency Group LLC v. Maurer*, No. 1:12-cv-3022-RWS, 2013 WL 4011063 (N.D. Ga. Aug. 5, 2013), Judge Story granted the defendant's motion to dismiss despite evidence that defendant had sold 14 books to customers in Georgia, where there was no evidence that the defendant's website specifically targeted or solicited Georgia residents.  *Id.* at *6-7 (discussing *Zippo* "sliding scale").[6]

Plaintiff's suggested approach to jurisdiction – which would make any business with a "web-based" service accessible in Georgia subject to jurisdiction – is precisely the type of approach that the courts in this circuit have rejected.  *E.g.*, *Imageline*, 663 F.Supp. at 1375 (no basis for general jurisdiction over a company that makes a website available and

---

[6]     Plaintiff also relies on a Seventh Circuit decision, *Illinois v. Hemi Group LLC,* 622 F.3d 754 (7th Cir. 2010).  In *Hemi*, the court found that the defendant had "expressly elected to do business with the residents of forty-nine states," including Illinois, and had made sales to residents of Illinois. *Id*. at 758 ("Hemi, in fact, knowingly did do business with Illinois residents.").

"sporadically contacts residents of a forum state"; "purposeful availment" not found). Whether assessed under the language of the Georgia long-arm statute or the requirements of due process, the facts demonstrate that none of DocRails, Dykema or Zeller is subject to the jurisdiction of this Court.[7]

Finally, Plaintiff's response is procedurally inadequate. "Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff *to produce evidence supporting jurisdiction*." *Diamond Crystal*, 593 F.3d at 1257 (quotations and citations omitted, emphasis added).

Plaintiff has not proffered any evidence to refute Defendants' declarations, and has not provided any facts that support the bare-bones, boilerplate and conclusory allegations of the Amended Complaint with respect to personal jurisdiction. (Am. Compl., Dkt. No. 5 ¶ 11). Plaintiff could have sought discovery on the jurisdictional issues from Defendants prior to filing his opposition brief and did not seek to do so. His response therefore confirms that Defendants' motion is well-taken, and his complaint – like those in other cases in which the plaintiff

---

[7]     Plaintiff cites factors relevant to and one Eleventh Circuit decision, *In re Ricoh*, 870 F.2d 570 11th Cir. 1989),  relating to transfer under 28 U.S.C. § 1404. (Response at 9).  Those factors and the *In re Ricoh* decision are irrelevant; the only issue before the Court is whether the Amended Complaint should be dismissed for lack of personal jurisdiction.

failed to produce evidence supporting jurisdiction under the Georgia long-arm statute – should be dismissed.  *E.g.*, *Drumm Corp. v. Wright*, 326 Ga. App. 41, 755 S.E.2d 850 (2014) (reversing denial of motion to dismiss where plaintiff presented no evidence to dispute defendant's showing); *Sol Melia, SA v. Brown*, 301 Ga. App. 760, 688 S.E.2d 675 (2009) (same).

## CONCLUSION

For the foregoing reasons, Defendants DocRails, Inc., Erik Dykema and Kyle Zeller respectfully request that the Court enter an Order dismissing Plaintiff Sanford Asman's Amended Complaint in its entirety.

Respectfully submitted,

KING & SPALDING LLP

   s/ Bruce W. Baber
Bruce W. Baber
  (GA Bar No. 030050)
  bbaber@kslaw.com

1180 Peachtree Street, N.E.
Atlanta, Georgia  30309-3521
Telephone:  404-572-4600
Facsimile:  404-572-5100

Attorneys for Defendants
DOCRAILS INC., ERIK DYKEMA
and KYLE ZELLER

OF COUNSEL:

Kathleen E. McCarthy
   kmccarthy@kslaw.com
Mark H. Francis
   mfrancis@kslaw.com
Steven Z. Luksenberg
   sluksenberg@kslaw.com

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036-2601
Telephone:  212-556-2100
Facsimile:  212-556-2222

<u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing brief was prepared using one of the font and point selections approved by the Court in Local Rule 5.1.C, namely Times New Roman 14 point.

    s/ Bruce W. Baber
Bruce W. Baber

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing Reply Memorandum In Support Of Defendants' Motion To Dismiss And For Judgment On The Pleadings with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following attorney of record:

    Sanford J. Asman
    sandy@asman.com
    Law Office of Sanford J. Asman
    570 Vinington Court
    Atlanta, Georgia  30350-5710

This 28th day of August, 2015.

    s/ Bruce W. Baber
Bruce W. Baber